# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

**In re:**

    **Tammer Dixon Hairston**　　　　　　　　　　　　**Chapter 13**

    **Debtor(s).**　　　　　　　　　　　　　　　　　　**Case No. 18-61425**

## AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan is an amended plan that replaces the ☒confirmed or ☐ unconfirmed plan dated March 7, 2018.

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Wednesday, November 7, 2018, at 10:00 am, at U.S. Courthouse, 3rd Floor, 700 Main St., Danville, VA 24541.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
|---|---|---|---|
| First Page | Forgives arrearage that arose when debtor had critical repairs at her home not covered by insurance. Debtor agrees to go on wage deduction. | All. | Minimal impact upon distribution. |
| 1 | Adjusts funding based on above changes. | All | Minimal impact upon distribution. |
| 2 | Adds legal fees | All | Minimal impact upon distribution. |
| 5.B. and 11.B. | Notices total arrearage and provides for trustee to pay one additional month post-petition arrearage. | All | Notices total arrearage and provides for trustee to pay one additional month post-petition arrearage. |

Note: No *new* motions for valuation, motion to surrender, motion to approve/reject executory contract, or motions to avoid liens are contained in this amended plan.

                                                                  /s/Malissa L. Giles
                                                                  Counsel for Debtor(s)

Malissa Lambert Giles
P.O. Box 2780
Roanoke VA 24001

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the Amended Plan Cover Sheet and the Amended Chapter 13 plan dated Sept. 28, 2018 filed electronically with the Court on **September 28, 2018**, has been mailed by electronic mail to the address on file with the BNC or used in the filed proof of claim on Sept. 28, 2018, or mailed by first class mail postage prepaid to other creditors, equity security holders, and other parties in interest, including the United States Trustee, on **September 28, 2018** unless those parties are served automatically via CM/ECF.

    _/s/ Malissa L. Giles_____
    Counsel for Debtor(s)

Malissa Lambert Giles
Giles & Lambert, PC
P.O. Box 2780
Roanoke VA 24001
540-981-9000
mgiles@gileslambert.com

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):  **Tammer Dixon Hairston**      Case No:  **17-61425**

This plan, dated **9/28/18**, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ☑ a modified Plan, which replaces the
  ☑ confirmed or ☐ unconfirmed Plan dated 3/7/18

  Date and Time of <u>Modified Plan</u> Confirming Hearing:
  See separate court order
  Place of <u>Modified Plan</u> Confirmation Hearing:
  See separate court order

  The Plan provisions modified by this filing are:
  Forgives arrearage that arose when debtor had critical repairs at her home not covered by insurance. Debtor agrees to go on wage deduction.

  Creditors affected by this modification are:
  All

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$219,144.77**
Total Non-Priority Unsecured Debt: **$66,734.46**
Total Priority Debt: **$808.21**
Total Secured Debt: **$216,808.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$2,385.00 Monthly for 48 months starting in October 2018 (60 months from the date of confirmation). Plan payments for Feb. and March 2018 are suspended.** Other payments to the Trustee are as follows: **$23,640.00 paid to date**. The total amount to be paid into the plan is $ **138,120.00**.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $ **4,050.00** balance due of the total fee of $ **4,800.00** concurrently with or prior to the payments to remaining creditors. Includes filing fees ($310 and $21), credit reports and credit counseling/debtor education ($100 (s) - $125 (j)) and the costs of mailing and copying through confirmation. Per the fee agreement, is for representation to confirmation. (approved and being paid)
    3. Debtor(s)' attorney will be paid $400.00 balance due of the total flat fees of $400.00 concurrently with or prior to the payments to remaining creditors. These flat fees are for representation and preparation of the amended plan and representation on the TMTD, service thereof, and representation at the confirmation hearing. ($400 - tandem representation).

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **COMMONWEALTH OF VIRGINIA** | **Taxes and certain other debts** | 487.18 | **Prorata 60 months** |
| **HENRY COUNTY** | **Taxes and certain other debts** | **No claim filed** | **Prorata 60 months** |
| **Taxing Authority Consulting Service** | **Taxes and certain other debts** | **No claim filed** | **Prorata 60 months** |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

**B.     Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Lendmark Financial Services** | **2005 Chrysler 300 200,000 miles NADA Retail Value** | **40.00** | Trustee See 3.D.* |
| **Santander Consumer USA** | **2015 Chrysler 300 30,000 miles NADA  Retail Value: Condition: Good** | **170.00** | Trustee See 3.D.* |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Lendmark Financial Services** | **2005 Chrysler 300 200,000 miles NADA Retail Value** | **4,408.00** | **4%** | **81.18*** **60 months** |
| **Santander Consumer USA** | **2015 Chrysler 300 30,000 miles NADA  Retail Value: Condition: Good** | **30,941.00** | **4%** | **576.83*** **60 months** |

*These payments shall begin after payment in full of approved attorney's fees. While legal fees are being paid, secured creditors shall receive the payments set forth in Provision 3.C.  Following payment of legal fees, the Trustee is authorized to accelerate payment to all secured creditors.

**E.     Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.** **Unsecured Claims.**

    **A.** **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __2-3__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

    **B.** **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.** **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.** **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **B.** **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Seterus Inc** | **197 Governors Lane Martinsville, VA 24112-2042 Henry County County Residence Tax Map: 44.8(029)000/004 County of Henry** | **1,175.99 See 11.B** | **7,954.33 pre-petition $2,469.58 post-petition $3,527.97 post-petition See 11B** | **0%** | **38 months** | **Prorata** |

    **C.** **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**6.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|

Page 4of 7

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7. Liens Which Debtor(s) Seek to Avoid.**

A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | | Value of Collateral |
|---|---|---|---|---|
| **American General Financial Serv;Inc (Henry County, Docket 080002008, Recorded June 12, 2008, GV08001363-00)** | **197 Governors Lane Martinsville, VA 24112-2042 Henry County County Residence Tax Map: 44.8(029)000/004 County of Henry** | **Va. Code Ann. § 34-4** | **$1.00** | **195,500.00 Balance of First Mortgage: $216,495.00 RES JUDICATA APPROVED VIA PRIOR CONFIRMED PLAN** |
| **American General Financial Services, Inc (Henry County, Docket 090003748, Recorded Nov. 24, 2009, GV09002883-00)** | **197 Governors Lane Martinsville, VA 24112-2042 Henry County County Residence Tax Map: 44.8(029)000/004 County of Henry** | **Va. Code Ann. § 34-4** | **$1.00** | **195,500.00 Balance of First Mortgage: $216,495.00 RES JUDICATA APPROVED VIA PRIOR CONFIRMED PLAN** |
| **Memorial Hospital of Martinsville and Henry County (Docket 990000025, Recorded Jan. 5, 1999, GV98003469-00)** | **197 Governors Lane Martinsville, VA 24112-2042 Henry County County Residence Tax Map: 44.8(029)000/004 County of Henry** | **Va. Code Ann. § 34-4** | **$1.00** | **195,500.00 Balance of First Mortgage: $216,495.00 RES JUDICATA APPROVED VIA PRIOR CONFIRMED PLAN** |

B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**8.    Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.    Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.    Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.    Other provisions of this plan:**

A.  ATTORNEYS FEES
Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to.  Attorneys fees shall be paid ahead of all other claims except adequate protection payments and conduit mortgage or secured debt payments, if any, which shall be treated in accordance with the notice in Paragraph 3.C.

B. ONGOING - FUTURE MORTGAGE PAYMENTS
The Trustee will pay all post-petition mortgage payments through the plan.  These mortgage payments will be classified and paid as follows:
(1)   Class 1: The first two mortgage payments due after filing of the petition will be paid pro-rata by the Trustee as post-petition arrears, including late fees, in the approximate amount of $2,351.98; and
(2)   Class 2: The regular post-petition mortgage payments will be paid by the Trustee beginning with the third mortgage payment due after the filing of the petition October 2017; the total number of Class 2 payments to be made by the Trustee will equal the number of monthly plan payments being made by the Debtor(s) to the Trustee [approximately 60 months], unless the plan pays off early.
(3)  Class 3: Due to the suspension of payments for Feb. and March 2018 and the default for the Sept. payment, the Debtor is adding an additional 3 months post-petition arrearage into the plan. The trustee shall resume payments with the Nov. 2018 payment.
The total number of monthly mortgage payments to be paid by the Trustee (Class 1 plus Class 2) is 62 months, unless the plan pays off early.
Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee may not begin until an allowed claim on behalf of the mortgagee has been filed.
At the completion of the term of the plan, it is predicted that the Debtor(s) shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract beginning with the payment due in October 2022.

c. LIEN AVOIDANCE -- **RES JUDICATA  APPROVED VIA PRIOR CONFIRMED PLAN**
The Debtor moves to avoid the judicial liens of Memorial Hospital of Martinsville and Henry County,  American General Financial Serv; Inc (sic), and  American General Financial Services Inc. as listed in  Provision  7.  The debtor asserts she is the sole owner of her home located at 197 Governors Lane, Martinsville VA 24112 (Exhibit A), the value of the home is $195,500.00 (Exhibit B), the mortgage balance exceeds the value (Exhibit C), and she has exempted $1.00 of equity on her homestead deed (Exhibit D).
The Debtor asserts that confirmation of this plan approves her motions contained therein to avoid the judicial liens. Recordation of this plan, the confirmation order and the discharge order shall provide notice to all parties the judicial liens are deemed avoided as of the discharge of this case.
 The creditors  are advised that review of the exhibits is available on the Courts CM/ECF system or they  may request copies of the exhibits by contacting counsel at her address or email listed below.

**Signatures:**

**Dated:**  **9/28/18**

| | |
|---|---|
| **/s/ Tammer Dixon Hairston** | **/s/ Malissa Giles;** |
| **Tammer Dixon Hairston** | **Malissa Giles; Tracy Giles;** |
| **Debtor** | **Debtor's Attorney** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                                       Best Case Bankruptcy